**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE MORATAYA, et al., | ) | CASE NO. 5:17-cv-1133 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | AMENDED MEMORANDUM |
| | ) | OPINION |
| METRO RTA, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' motion to file an amended complaint, *instanter*. (Doc. No. 21 ["Mot. Amend"].) The motion is unopposed. For the reasons that follow, the motion is granted.

Plaintiffs Denise and Donna Morataya originally brought this action in state court against defendants Metro RTA and Corey Jones, seeking damages for injuries sustained by Denise Morataya as she disembarked a Metro RTA bus. (Doc. No. 1-1 (Complaint ["Compl."].) On May 31, 2017, defendants Metro RTA and Corey Jones removed the action to federal court and filed an answer to the complaint the same day. (Doc. No. 1 (Notice of Removal); Doc. No. 2 (Answer).) The original complaint contained single claims for civil rights violations under 42 U.S.C. § 1983 and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1218-89, and loss of consortium, and two negligence claims.

The Court conducted a case management conference on July 12, 2017, after which the Court issued a case management plan and trial order that, among other things, identified July 31,

2017 as the deadline to add parties or amend the pleadings. The parties proceeded to conduct discovery and, on August 2, 2017, the Court granted plaintiffs' unopposed motion to extend the deadline for adding parties and/or amending pleading to September 29, 2017.

On September 29, 2017, plaintiffs filed the instant motion to amend, and appended a copy of the proposed pleading thereto. Defendants have failed to file a response to the motion, and the time for registering an opposition has passed. By way of amendment, plaintiffs seek to drop certain claims and add new claims and new party defendants. Specifically, the amended complaint purports to add as defendants various health care facilities and professionals, seeking damages against them for injuries resulting from the medical care Denise Morataya received following her accident. As amended, the complaint raises violations of Title II of the ADA and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and state law claims for negligence, negligent medical care, and loss of consortium.

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).[1]

---

[1] The addition of new parties is governed by Fed. R. Civ. P. 21, which provides, in relevant part: "On motion or on

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. The first amended complaint and the motion to amend were filed with almost three months left in discovery, and there is no evidence to suggest that the new claims and factual allegations will cause defendants to expend significant additional expenses conducting discovery. While some additional discovery and an adjustment of the dates and deadlines may be necessary, the case is still in its early stages, and the Court does not anticipate that the adjustment to the dates in its

---

its own, the court may at any time, on just terms, add or drop a party."

trial schedule will be drastic. Finally, the present motion represents plaintiffs' first request to amend and they have not demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). The Court, therefore, grants plaintiffs' motion for leave to file an amended complaint by November 27, 2017.[2]

**IT IS SO ORDERED**.


Dated: November 16, 2017

          **HONORABLE SARA LIOI**
          **UNITED STATES DISTRICT JUDGE**

---

[2] As part of their motion to amend, plaintiffs also sought leave for an enlargement of time to file their affidavit of merit, *instanter*. Additionally, on October 2, 2017, plaintiffs filed a motion for leave to supplement their motion to amend complaint, instanter, to append thereto an affidavit of merit. (Doc. No. 22.) Plaintiffs' requests to file an affidavit of merit is granted, and plaintiffs shall have leave until November 27, 2017 to file an affidavit of merit as part of their amended pleading.